UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| ANN BRIDGET McAULEY-GALASSINI, | ) | |
| | ) | Case No. 11 B 16744 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ANN BRIDGET McAULEY-GALASSINI, | ) | |
| | ) | Adv. No. 11 A 1471 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Pamela S. Hollis |
| TIMOTHY GALASSINI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Timothy Galassini's motion to dismiss the complaint filed by Ann Bridget McAuley-Galassini. Ann seeks to avoid as preferential the recordation of Timothy's lien. In the alternative, she seeks to avoid his lien pursuant to 11 U.S.C. § 522(f). For the reasons stated below, the court denies the motion as to Count I and grants the motion as to Count II. Ann is granted leave to file an amended complaint in compliance with this ruling.

## BACKGROUND

According to the complaint, Timothy obtained a judgment in the amount of $360,000 against Ann on March 17, 2010, in the Circuit Court of Cook County. He recorded a memorandum of judgment on January 26, 2011, against Ann's residence at 3247 Echo Lane in Northbrook, Illinois. The memorandum is attached to the complaint as Exhibit A.

Ann filed for relief under Chapter 13 on April 19, 2011, less than 90 days after the memorandum of judgment was recorded. On Schedule A, Ann valued the property at $464,500 as of the petition date. It is encumbered by two mortgages; M&T Mortgage Corporation filed a secured claim in the amount of $99,189.93, and Thomas McAuley filed a secured claim in the amount of $96,954.72.

Ann claimed a homestead exemption in the property in the amount of $15,000.

## LEGAL ANALYSIS

In Iqbal, the Supreme Court provided a two part test to determine whether a complaint meets the requirement of Fed. R. Civ. P. 8, made applicable in adversary proceedings by Fed. R. Bankr. P. 7008, that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

First, the court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. The court has done so in the background section of this ruling. Well-pleaded factual allegations are taken as true, but legal conclusions are not. The allegations in the complaint are viewed in the light most favorable to the plaintiff.

Second, having assumed the truth of those well-pleaded factual allegations, the court must "then determine whether they plausibly give rise to an entitlement to relief." Id.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (citations and quotations omitted).

Timothy's first attorney filed a motion to dismiss which his current attorney adopted only in part. Timothy no longer contends at this stage of the pleadings that his lien secures a debt of a kind that is specified in section 523(a)(5). That issue is preserved as an affirmative defense.

There are two remaining issues:

Insolvency

Count I seeks to avoid recordation of Timothy's lien as a preference. Timothy contends that Ann has insufficiently pled insolvency, which is a required element for avoiding a transfer as preferential. 11 U.S.C. § 547(f) states that a debtor is presumed to have been insolvent during the 90 days prior to filing. Ann made reference to this presumption at paragraph 22 of the complaint. She also stated at paragraph 23 that she was insolvent at the time of the transfer.

Although the presumption of insolvency in § 547(f) can be rebutted, the introduction of evidence is required to do so. In support of his argument that Ann is not insolvent under the test described in § 101(32)(A), Timothy disputed the value of the property in his motion to dismiss (although not in his reply). To bolster her assertion that she was insolvent, Ann attached an appraisal, dated two weeks before the petition date, to her response to the motion to dismiss. The court can consider neither argument in deciding a motion to dismiss. To do so would convert this into a motion for summary judgment.

As alleged in the complaint, Ann was presumed to be insolvent during the 90 days prior to her bankruptcy filing. So long as Ann pled that the transfer occurred within 90 days of the petition date, which she did, she is entitled to the rebuttable presumption of insolvency at this stage of the proceeding. See In re Caremerica, Inc., 2009 WL 2253232, *3 (Bankr. E.D.N.C. July 28, 2009); In re Trinity Innovative Enterprises, LLC, 2010 WL 5462495, *4 n.4 (detailed

[3]

facts establishing insolvency during the 90 day presumptive period need not be pled for a complaint to survive a motion to dismiss)

However, the allegation at paragraph 23 that Ann "was insolvent at the time the Judgment was recorded" is not sufficiently pled. The complaint did not describe all of Ann's assets and liabilities, which would have supported a well-pleaded allegation that the sum of her debts is greater than all of her property. The response's statement that "Debtor's schedules might be considered" is not an allegation in the complaint. Therefore, paragraph 23 will be stricken from the complaint.

In his reply, Timothy did not reiterate an argument regarding the amount of Ann's income, and the court presumes that he has chosen not to pursue this line of reasoning.

The motion to dismiss is denied as to Count I of the complaint.

Application of § 522(f)(1)(A)

Count II seeks to avoid Timothy's judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A), which provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)."

The parties identified the Supreme Court case on all fours with this proceeding, Farrey v. Sanderfoot, 500 U.S. 291 (1991). In Farrey and Sanderfoot's divorce decree, Sanderfoot was awarded the family house. He was also ordered to make two payments to Farrey. To secure the award of those payments, the decree provided that Farrey would have a lien against that family house. Sanderfoot filed for relief under the Bankruptcy Code without making the payments, claimed a homestead exemption in the family house, and filed a motion to avoid Farrey's lien.

[4]

The Supreme Court decided that section 522 permits "the avoidance of a lien only where the lien attached to the debtor's interest at some point after the debtor obtained the interest." Id. at 296. Therefore, the key question is whether Ann sufficiently pled that she had an interest in the property that was created prior to the fixing of Timothy's lien. "[U]nless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." Id. (footnote omitted, emphasis in original).

The Court instructed us in Farrey that whether the debtor "ever possessed an interest to which the lien fixed, before it fixed, is a question of state law." Id. at 299. In Farrey, the Court assumed that the parties characterized Wisconsin law correctly, and therefore the same decree that awarded Sanderfoot his interest in the real property simultaneously granted Farrey her lien. The Court considered the possibility that the divorce decree reordered their pre-existing interests, but determined that this particular decree transferred Farrey's previous interest to Sanderfoot and granted a lien equal to that interest. "Sanderfoot thus would still be unable to avoid the lien in this case since it fastened only to what had been Farrey's pre-existing interest, and this interest Sanderfoot would never have possessed without the lien already having fixed." Id.

This court does not have the Dissolution of Marriage decree before it as an exhibit, and going beyond the allegations of the complaint is inappropriate at this stage of the proceeding. The question is merely whether Ann sufficiently pled in the complaint that she possessed an interest in property, to which Timothy's lien could attach, at some point before the actual fixing of the lien.

The court has reviewed Ann's complaint, and there are no allegations that she had an interest in property prior to Timothy's lien fixing on that interest. The closest allegation is in

[5]

paragraph 28, where Ann awkwardly states that "[t]he recordation of the Judgment against the Property on January 26, 2011 was an interest of the Debtor in property."

Therefore, this complaint fails to state a claim under § 522(f)(1)(A). The motion to dismiss is granted as to Count II.

Ann is granted leave to file an amended complaint in compliance with this ruling. ~~Any amended complaint must be filed by October 31, 2011.~~ /psh/

Date: OCT 17 2011

PAMELA S. HOLLIS
United States Bankruptcy Judge